UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS FULLER a/k/a
RALEEM-X,

       Plaintiff,

                             Case No. 2:06-cv-228
v.                             HON. ROBERT HOLMES BELL

P. BASAL, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff prisoner Curtis Fuller, a/k/a Raleem-X, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants P.Basal, R. Livermore, and Linda Maki. Plaintiff alleges that on April 18, 2005, defendant Basal ordered plaintiff to remove his door card which stated Raleem-X. Plaintiff allegedly informed defendant Basal that his name was legally changed to Raleem-X. Defendant Basal issued plaintiff a misconduct ticket for disobeying a direct order for not removing the door card. Plaintiff was found guilty of the misconduct by hearing officer defendant Maki who found that plaintiff is required to follow an officer's reasonable order and then grieve the matter if he believes that the order is wrong for any reason. Defendant Livermore looked into the matter after plaintiff complained about the circumstances. After investigating the incident, defendant Livermore discovered that plaintiff was committed to the prison under the name Fuller and that his identification card did not reflect the name Raleem-X, but rather, Fuller. Further, plaintiff's counselor file showed the name Fuller. Plaintiff was told that his door card would have to be under the name Fuller.

Prior to this incident, on April 9, 2005, plaintiff complained that defendant Basal entered his cell while plaintiff was taking a shower and took all of plaintiff's "legal cases and research paper work and dumped them in a pile." Defendant then threw around plaintiff's clothes. Plaintiff alleges that he was then issued a false misconduct ticket. Defendant Basal found expired prescription medications, during the routine search, which are considered contraband in the prison. Plaintiff was given a minor misconduct ticket and found guilty of the charge.

Plaintiff filed a grievance against defendant Basal. Plaintiff alleged that Sergeant Livermore came to plaintiff's cell on April 21, 2005, to review the grievance and asked plaintiff to sign off on the grievance. After plaintiff refused to sign off the grievance, defendant Livermore allegedly threatened to file a false misconduct ticket against plaintiff that plaintiff would be unable to beat. On April 18, 2005, defendant Livermore issued plaintiff a misconduct ticket for disobeying a direct order. Defendant Livermore stated in his report:

> After interviewing Fuller #211080 (B-234) about a grievance he stated to me in an agitated and angry voice, "You better check with those officers on the east end, see how they liked what they got." It is common knowledge that Fuller attacked a female officer at URF. Fuller was written a 004 assault Resulting in Serious Injury (staff victim) misconduct at URF on 12-4-99. There is no doubt this remark was referencing that incident and meant to cause me to fear that Fuller would attack me also if an opportunity presented itself. Identified by cell door card and Birch Unit master count board.

After a hearing, defendant Maki found plaintiff guilty of the misconduct. Plaintiff alleges that defendants retaliated against him and conspired against him.

Presently before the Court is the Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

As a hearing officer defendant Maki is entitled to immunity. In *Shelly v. Johnson*, 849 F.2d 228 (6th Cir. 1988), the court affirmed a decision of Douglas W. Hillman, then Chief District Judge of this court, holding that Hearings Officer Jerry Sherman, when acting under MCLA § 791.251 -791.255, was entitled to absolute judicial immunity in relation to actions taken in his capacity as hearings officer. All the actions of defendant Maki alleged to have violated plaintiff's rights were taken in defendant Maki's capacity as a hearing officer. For the reasons stated in *Shelly*, I recommend that summary judgment be entered on behalf of Defendant Maki.

Plaintiff alleges that defendants retaliated against him by filing false misconduct tickets. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff cannot establish that defendants took retaliatory action against him. Plaintiff was ordered to remove a handwritten door card. Plaintiff refused to comply with the order and was found guilty of the misconduct. Similarly, defendant Basal engaged in a routine cell search and found that plaintiff was in possession of expired medications. Plaintiff was found guilty of the misconduct. Plaintiff cannot establish a link between the misconduct filings and an assertion of protected conduct. Moreover, plaintiff cannot overcome the fact that the misconduct tickets were justified under the factual circumstances of this case. Similarly, plaintiff cannot make a showing that defendant Basal's act in filing a misconduct ticket against plaintiff would deter a person of ordinary firmness from engaging in filing future grievances.

Likewise, plaintiff cannot establish that defendant Livermore took retaliatory action against plaintiff. Plaintiff was found guilty of insolence after making what defendant Livermore perceived as a threatening comment. Plaintiff cannot establish a causal connection between his grievance filings and the filing of the misconduct ticket. Moreover, the ticket issued by defendant

Livermore was appropriate under the circumstances. Similarly, plaintiff cannot show that the misconduct ticket issued would deter a person of ordinary firmness from engaging in filing future grievances or protected actions. Moreover, plaintiff clearly cannot establish that defendants engaged in a civil conspiracy.

Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This

would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of the pre-existing law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.* Plaintiff has failed to show that defendants violated any constitutional rights. In the opinion of the undersigned, defendants are entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' Motion for Summary Judgment. Accordingly, it is

recommended that Defendants Motion for Summary Judgment (Docket #26) be granted and this case be dismissed in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 9, 2007